DOMENGEAUX, Judge.
This is an appeal by a juvenile, Richard James Longworth, Jr., who was committed to the Juvenile Reformatory at Monroe by the Juvenile Court below. The sentence was suspended and he was placed on probation for two years.
The record contains a petition filed by the Juvenile Probation Officer charging young Longworth with being a juvenile delinquent because of his commission of unauthorized use of a motor vehicle (R.S. 14:68) in that he did “ * * * intentionally take a 1958 Chevrolet automobile, Louisiana license No. 223B121, from 407 Loyola Drive, Kenner, Louisiana, without consent of the owner Richard James Longworth, Sr., * * * without any intention to permanently deprive the owner of said property.”
It also includes a report by the Parish Juvenile Probation Officer to the Juvenile Judge in letter form, a field interrogation report from the office of the Jefferson Parish Sheriff, and two synopsis reports from the Juvenile Division of the Jefferson Parish Sheriff’s Office, and the petition itself. The record fails to disclose whether these documents were offered or admitted into evidence, there being no marking as such on them nor any minute entries in connection therewith. The backside of the petition contains the following notations: “1-24-69. Taken up, admission of guilt, adjudicated a juvenile delinquent, committed to Monroe School, suspended, placed on probation for two years.” The petition is dated January 3, 1969.
The record fails to reflect the taking of testimony at the presumed hearing, and inasmuch as there seems to be no objection before us to the admittance into evidence of the documents referred to herein, we have reviewed these documents and extracted the following facts in connection with the incident leading up to the delin *700 quency citation herein: On December 7, 1968, the juvenile Richard James Long-worth, Jr., and a companion removed the 1958 Chevrolet automobile belonging to appellant’s father from his garage at 6:00 o’clock in the morning. The father had previously departed for his work. They left in the car, with the appellant’s companion driving, and while so engaged, became involved in an accident. Upon investigation by the Jefferson Parish Sheriff’s Department and after determining that appellant was a juvenile, and inasmuch as efforts to locate the appellant’s parents were unsuccessful at that time, appellant and his companion were turned over to the juvenile authorities where they were placed in the parish detention home. In due course appellant was returned to his parents and the aforementioned juvenile delinquency petition was filed and the matter taken up on January 24, 1969.
Appellant who was not represented by counsel at the hearing, contends now through counsel, that the record does not reveal whether he was properly informed of the charges which had been leveled against him, that he was not afforded the benefits of his constitutional rights under due process of law, and in general, that the record fails to reveal that any legal proceedings were conducted at his hearing.
The State of Louisiana, represented by the Office of the District Attorney of Jefferson Parish, which appeared as appel-lee herein in the interest of the juvenile does not suggest nor attempt to show that the appellant was in fact properly informed of the charges which had been leveled against him or that he was afforded the constitutional rights to which he is entitled under due process of law.
The United States Supreme Court in the case of Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, decided May 15, 1967 in an exhaustive appraisal of Juvenile Court proceedings throughout the United States, held that in any juvenile delinquency proceedings which may result in confinement, due process under the United States Constitution demands that the accused juvenile and his parents be afforded adequate notice of the charges, right to retained or appointed counsel, confrontation and cross-examination of witnesses, and appraisal of the privilege against self-incrimination. The Court ruled specifically that, absent a valid confession, a determination of delinquency and an order of commitment tp a state institution cannot be sustained in the absence of sworn testimony subjected to the opportunity for cross-examination. In referring to a juvenile’s right to counsel, Gault states that notwithstanding the benevolent motives underlying juvenile statutes, neither a probation officer nor a judge can act as counsel for an accused juvenile. Gault further holds that juvenile proceedings to determine delinquencies which may lead to commitment to a state institution must be regarded as “criminal” for purposes of the privilege against self-incrimination guaranteed under the Fifth Amendment of the United States Constitution. Gault holds that other constitutional guarantees afforded adults charged with criminal offenses are equally applicable to juveniles, including right to counsel and exposure to the privilege against self-incrimination and the rights of waiver thereof. Gault concludes that the traditional distinction between criminal cases and juvenile proceedings have little basis in fact, and that juveniles are often subject to longer confinement than adults committing the same offense. The juvenile in this appeal was 15 years of age at the time of the hearing and under Louisiana’s juvenile laws, specifically LSA-R.S. 13:1580, could have been committed to a juvenile institution until he reached the age of majority. This possible confinement entails a longer period than an adult would be subject to for the offense of unauthorized use of a movable, which offense was the basis of the juvenile petition herein. Under the unauthorized use statute, LSA-R.S. 14 :- 68, the maximum possible confinement for an adult offender is six months incarceration in the parish jail.
*701 It is evident that the sparse record herein does not afford us an opportunity to determine whether the procedural aspects surrounding this case at all stages conform to Louisiana law and the mandates of Gault. It does not reflect whether the juvenile and his parents were notified of the juvenile charges lodged against him; it is silent concerning the facts and circumstances surrounding the alleged “confession” or “guilty plea” of the juvenile at the hearing, or before, while the accusatory proceedings by the Jefferson Parish juvenile authorities were in progress; nor does it show whether the juvenile was advised of his rights against self-incrimination and appraisal of this right to counsel.
In view of all of the above, we feel constrained to remand this cause to the court below for further proceedings to complete the record, thus enabling us to be in posture for a determination of the legality of the juvenile’s sentence in these proceedings. We find authority for so doing under the provisions of LSA-C.C.P. art. 2164 and official note (c) thereunder.
Accordingly it is now ordered that the record of appeal herein be and the same is hereby remanded to the Juvenile Court of Jefferson Parish for the restricted purpose of receiving evidence which would indicate to this court whether the procedural safeguards set out in Gault and outlined in this opinion were afforded this juvenile.
Upon completion of the record in the particulars ordered, same is to be returned to this court for final consideration of this appeal.
Remanded.